UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATHAN BERNARD EDWARDS,

                      Plaintiff,

   v.                                          **DECISION AND ORDER**
                                                           12-CV-83S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

     1.     Plaintiff, Nathan Edwards, challenges an Administrative Law Judge's ("ALJ") determination that he was not disabled within the meaning of the Social Security Act ("the Act"). Edwards alleges that he has been disabled since February 3, 2009 due to: gouty arthritis, reduced ejection fraction, renal failure, back pain, and obesity. He therefore asserts that he is entitled to supplemental security income under the Act.

     2.     Edwards filed an application for benefits under Title XVI of the Act June 2, 2009, alleging an inability to work since February 3, 2009. The Commissioner of Social Security ("Commissioner") denied Edwards' initial application and, as a result, he requested an administrative hearing. A hearing was held on February 24, 2011 before Administrative Law Judge ("ALJ") William E. Straub, at which Edwards appeared with counsel and testified. The ALJ considered the case *de novo*, and on March 14, 2011, issued a decision denying Edwards' application for benefits. Edwards filed a request for review with the Appeals Council, but the Council denied his request on November 29, 2011. Edwards filed the current civil action on January 30, 2012, challenging the Commissioner's final

1

decision.[1]

3. On June 27, 2012, the Commissioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Edwards filed his motion for judgment on the pleadings on July 29, 2012. The Commissioner elected not to respond, and briefing was closed as of August 16, 2012. For the reasons set forth below, the Commissioner's motion is denied, and Edwards' motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

[1] The ALJ's March 14, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

3

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Edwards did not engage in substantial gainful activity since June 2, 2009 (R. at 19);[2] (2) Edwards' gouty arthritis, reduced ejection fraction, renal failure, and obesity are severe impairments within the meaning of the Act (R. at 19); (3) these impairments do not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 19); (4) Edwards retains the residual functional capacity to perform the full range of light work (R. at 19); (5) he is unable to perform his past relevant work (R. at 22); and (6) he is a "younger individual" with a high school education who retains a residual functional capacity to perform work available in the national economy (R. at 22). Ultimately, the ALJ concluded that Thompson was not under a disability as defined by the Act. (R. at 23.)

10. Edwards maintains the ALJ committed legal error and his decision is not supported by substantial evidence. His arguments are addressed in the order they arise

---

[2] Citations to the underlying administrative record are designated as "R."

4

in the sequential process.

11.     Edwards' first two objections relate to his complaints of hip and back pain. The ALJ concluded that "[w]hile the claimant has alleged back pain and has some subjectively reduced range of motion (there was significant lack of effort), there is no objective evidence of any lumbar spine abnormality. This is not a severe impairment." (R. at 19.)    Edwards argues that there is objective evidence of a spinal abnormality and, further, that the ALJ did not apply appropriate legal standards in assessing his subjective complaints of pain.

12.     The record includes notes from Dr. Pretei Lemo, who began treating Edwards for pain in his lower back and right hip on or about July 18, 2009. The ALJ gave no weight to Dr. Lemo's opinion regarding limitations from back pain, noting that "there was nothing in the form of diagnostic imaging or objective clinical findings" to support complaints of pain, and "there is no objective evidence in the form of diagnostic imaging or objective clinical findings that could reasonably be expected to produce such limitations." (R. at 21.) The ALJ's statements regarding the lack of diagnostic imaging are at odds with the record.

In an "assessment and plan" from Edwards' initial visit, Dr. Lemo noted: "back pain, L-S spine X-ray & pelvic x-ray." (R. at 333.)  A CT of Edwards' abdomen and pelvis was performed soon thereafter, on August 2, 2009, and revealed "mild facet arthropathy of the lower lumbar spine."  (R. at 262.)  Thereafter, Dr. Lemo continued to treat Edwards for back and right hip pain.

Under the "treating physician rule,"[3] an ALJ must give controlling weight to a treating

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). Because it appears the ALJ overlooked objective evidence in making his assessment, this case will be remanded for the Commissioner to determine what, if any, weight should be accorded Dr. Lemo's opinion in light of the documented finding of mild facet arthropathy.

13. The ALJ's oversight regarding Edwards' CT scan also impacts the credibility determination. An ALJ "is required to take the claimant's reports of pain and other limitations into account, 20 C.F.R. § 416.929," but he or she is "not require[d] to accept the claimant's subjective complaints without question." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Id. This requires a two-step process. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Id. If so, the ALJ must then consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." Id. (internal quotation marks omitted; alteration in Genier). The Commissioner is directed, on remand, to consider all objective medical findings in this two-step process.

14. In his remaining arguments, Edwards' maintains that the RFC finding is not supported by substantial evidence, and the ALJ erroneously failed to consult a vocational expert. In light of the decision to remand this matter, the Court need not reach these

arguments, but directs the Commissioner to address all prior findings, as necessary, upon consideration of the full record.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that the decision of the ALJ is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above;

FURTHER, that the Clerk of the Court shall close this case.

Dated: March 28, 2013
       Buffalo, New York

                                                  /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                         Chief Judge
                                              United States District Court